United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Windy Lucius, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-20638-Civ-Scola |
| | ) | |
| Diatrade LLC, Defendant. | ) | |

### Order on Motion for Default Judgment

This matter is before the Court upon the Plaintiff's motion for default judgment. (ECF No. 14.) In its complaint, the Plaintiff states that the Defendant operates a "place of public accommodation" in Miami-Dade County and owns and utilizes a website which is "an extension of . . . the above-referenced public accommodation." (ECF No. 1, at ¶¶ 4-5, 8.) In her complaint, the Plaintiff alleges that the Defendant, as "the owner or operator of the subject website . . . is required to comply with the ADA." (*Id.* at ¶ 9.) The Plaintiff says that she would like to use the Defendant's website to "pre-shop" the Defendant's brick and mortar store, but is unable to do so because of access issues relating to the website's functionality. (*Id.* at ¶ 8.) As a result, the Plaintiff argues the website suffers from various deficiencies in alleged violation of the ADA which make it difficult for visually impaired individuals to visit the Defendant's website. (*Id.* at ¶¶ 12-15.)

During the pendency of this lawsuit, the Eleventh Circuit issued its decision in *Gil v. Winn-Dixie Stores*, No. 17-13467, 2021 WL 1289906 (11th Cir. 2021.) In *Gil*, the Eleventh Circuit held that "the plain language of Title III of the ADA" provides that "public accommodations are limited to actual, physical places" such that "websites are not a place of public accommodation under Title III of the ADA." *Id.* at *7. Moreover, the Court finds that the Plaintiff's complaint fails to allege that the Defendant's website creates an "intangible barrier" to access because it does not prevent the Plaintiff from being able to enjoy fully and equally the Defendant's physical stores as contemplated by the ADA. *Id.* at *12.

In light of the Eleventh Circuit's intervening precedent, the Court **denies** the Plaintiff's motion for default judgment. (**ECF No. 14**.) The Court also **denies** the Plaintiff's request for attorney's fees, litigation expenses, and costs. The Clerk is directed to **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered** in Miami, Florida, on April 28, 2021.

											_____
											Robert N. Scola, Jr.
											United States District Judge